# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF LOUISIANA
# MONROE DIVISION

| | | |
|---|---|---|
| **MARCUS T. WILLIAMS** | \* | **CIVIL ACTION NO. 05-0571** |
| **VERSUS** | \* | **JUDGE JAMES** |
| **JO ANNE B. BARNHART, COMMISSIONER OF SOCIAL SECURITY** | \* | **MAGISTRATE JUDGE HAYES** |

## REPORT AND RECOMMENDATION

Before the undersigned Magistrate Judge, on reference from the District Court, is an unopposed Motion for Attorney's Fees filed by plaintiff, Marcus T. Williams ("Williams"). (Document No. 11). For reasons stated below, it is recommended that the motion be **GRANTED, as modified, and that the Commissioner be ordered to pay plaintiff out-of-pocket costs in the amount of $347.68, plus attorney's fees in the amount of $3,350.00 (26.8 hours at $125.00 per hour), for a total fee and cost award of $3,697.68.**

## BACKGROUND

The Commissioner denied Williams' application for social security disability benefits on September 1, 2004. Williams appealed the denial to this Court and filed a brief in support of his petition; the Commissioner responded. On February 16, 2006, the Court granted Williams' appeal and reversed and remanded the Commissioner's decision for further proceedings pursuant to sentence four of 42 U.S.C. § 405(g). (Document No. 10).

Williams now presents a Motion for Attorney's Fees pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d)(1)(A). It is recommended that Williams' motion be granted, but at the $125 hourly rate historically employed in this district.

<u>Entitlement to Award</u>

The EAJA provides that a court shall award attorney's fees and costs to a prevailing party in a civil action brought against the United States unless the court finds that the position of the

government was substantially justified or that special circumstances make an award unjust. 28 U.S.C. § 2412(d)(1)(A). A party who obtains a remand of a social security appeal pursuant to the fourth sentence of § 405(g) qualifies as a prevailing party for purposes of fees under the EAJA. *Breaux v. U.S.D.H.H.S.*, 20 F.3d 1324 (5th Cir. 1994). The prevailing party is entitled to fees unless the government meets its burden of showing that its position was substantially justified or that special circumstances make an award unjust. *Baker v. Bowen*, 839 F.2d 1075, 1080 (5th Cir. 1988). It is recommended that an award be granted.

Hourly Rate

Based on the increase in the Consumer Price Index ("CPI") since the EAJA was enacted in 1996, Williams urges the Court to award attorney's fees at $159.60 per hour for work performed in 2005. The undersigned recommends that the Court award Williams attorney's fees at the rate of $125 per hour.

> The EAJA provides in relevant part that the amount of fees awarded:
>
> shall be based upon prevailing market rates for the kind and quality of the services furnished, except that . . . attorney fees shall not be awarded in excess of $125 per hour unless the court determines that an increase in the cost of living or a special factor . . . justifies a higher fee.

28 U.S.C. § 2412(d)(2)(A)(ii). While the EAJA clearly permits courts to award fees at a rate higher than $125 per hour based on increases in cost-of-living, the Fifth Circuit has stressed that such increases must be uniform among courts within a given district. *See Washington v. Barnhart*, 93 Fed. Appx. 630, 631 (5th Cir. 2004) (addressing Southern District of Texas); *Hall v. Shalala*, 50 F.3d 367, 370 (5th Cir. 1995) (addressing Eastern District of Louisiana); *Baker v. Bowen*, 839 F.2d 1075, 1085 (5th Cir. 1988) (addressing Northern District of Texas). A review of the most recent cases from Western District of Louisiana reveals a uniform pattern of denying

requests for attorney's fees based on cost-of-living increases.[1]  While the Western District of Louisiana has no formal order or rule on the EAJA rate issue, as it stands now, the routine practice is to deny requests for fees based on cost-of-living increases.

Williams cites five cases from this district where fees were awarded at a rate above $125 per hour based on cost-of-living increases. *See Dowles v. Barnhart*, No. 99-0631 (W.D. La. May 20, 2003); *Weeks v. Barnhart*, No. 01-2427 (W.D. La. Mar. 19, 2003); *Hargrove v. Barnhart*, No. 01-1459 (W.D. La. July 1, 2002); *Young v. Massanari*, No. 00-1662 (W.D. La. July 5, 2001); *Adams v. Massanari*, No. 00-2039 (W.D. La. June 12, 2001).  These cases, however, predated those footnoted below.  Furthermore, Magistrate Judge Kirk, the judge who recommended awarding fees in those cases, has addressed Williams' counsel's reliance on those cases before:

> Some, and perhaps most or all, of the exceptions were authored by me.  Plaintiff's attorney attaches 2001, 2002 and 2003 Orders issued by me in other cases where more than the statutory rate was allowed.  However, as explained in Money v. Barnhart, 01-1252, August 15, 2003, and as repeatedly explained in rulings since that time, this district has chosen to award only the statutory rate, for reasons, among other things, of uniformity within this district.  Plaintiff's attorney did not attach more recent rulings by me denying an award in excess of the statutory rate.  See, for example, Money v. Barnhart, supra; Thornton v. Commissioner, #4-1245, April 22, 2005, in which plaintiff's attorney was counsel in both.

*Lewis v. Barnhart*, No. 04-0719, at 2 n.2 (W.D. La. Aug. 16, 2005). Therefore, the cases Thus,

---

[1] *See Hays-Barmann v. Barnhart*, No. 04-0826 (W.D. La. Jan. 20, 2006) (surveying cases from the Western District of Louisiana and denying request for increased rate based on cost-of-living increase); *Lewis v. Barnhart*, No. 04-0719 (W.D. La. Sept. 8, 2005) (same); *Sam v. Barnhart*, Np. 03-1848 (W.D. La. Dec. 1, 2004) (same); *Demmel v. Commissioner*, No. 03-1673 (W.D. La. Oct. 20, 2004) (same); *Johnson v. Commissioner*, No. 01-1989 (W.D. La. Oct. 6, 2004) (same); *Godwin v. Commissioner*, No. 02-1015 (W.D. La. Aug. 26, 2004) (same); *White v. Commissioner*, No. 02-0706 (W.D. La. Aug. 18, 2003) (awarding fees at rate of $125 per hour); *Deshotel v. Barnhart*, No. 02-0480 (W.D. La. July 17, 2003) (same); *Thomas v. Commissioner*, No. 02-0352 (W.D. La. July 9, 2003) (awarding fees at rate of $125 per hour); *Watson v. Commissioner*, No. 01-1661 (W.D. La. May 15, 2003) (denying request for rate above $125 per hour).

the cases cited by Williams can no longer support a claim for attorney's fees above the statutory rate of $125 in this district.

Williams also argues that attorney's fees should be awarded above the statutory rate because the Commissioner has failed to oppose the motion for increased fees and has not challenged the requested rates with admissible evidence. *See* Williams' Motion, p.8. However, the undersigned has rejected Williams' counsel's argument before, and Williams has not provided any substantive reasons why a different result is appropriate here, even in the absence of an objection. The Court is not required to turn a blind eye to the uniform practices of this district simply because the Commissioner has failed to oppose the present motion.

The undersigned finds that, in the relevant legal community, a rate of $125 per hour is a reasonable attorney fee for this case. The case did not involve any complex or novel issues of law that would warrant a rate above that in the EAJA. This award maintains uniformity within this district and serves the twin goals of the EAJA: ensuring an adequate source of representation in social security appeals and minimizing the cost of that representation to taxpayers. *See Hall*, 50 F.3d at 369.

Compensable Hours and Total Award

Williams' counsel has submitted an itemized time sheet that indicates a total of 26.8 hours of attorney time dedicated to the appeal and the fee application. He has also submitted evidence supporting his claim for costs in the total amount of $347.68. The Court finds the claimed time and costs to be reasonable under the circumstances.

Thus, it is recommended that Williams' Motion for Attorney's Fees be **GRANTED**, **and that the Commissioner be ordered to pay plaintiff out-of-pocket costs in the amount of $347.68, plus attorney's fees in the amount of $3,350.00 (26.8 hours at $125.00 per hour),**

**for a total fee and cost award of $3,697.68.**

Under the provisions of 28 U.S.C. §636(b)(1)(C) and FRCP Rule 72(b), the parties have **ten (10) business days** from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within **ten (10) business days** after being served with a copy thereof. A courtesy copy of any objection or response or request for extension of time shall be furnished to the District Judge at the time of filing. Timely objections will be considered by the District Judge before he makes a final ruling.

**A PARTY'S FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN TEN (10) BUSINESS DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT ON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE UNOBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE.**

THUS DONE AND SIGNED at Monroe, Louisiana, this 10th day of April, 2006.

KAREN L. HAYES
U. S. MAGISTRATE JUDGE

H:\Social Security\SS Attorney's Fees\05-0571.040706.rr.klh.frm